UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------
VICTORY FOODSERVICE
DISTRIBUTORS CORP.,

        Plaintiff,

        -against-

N. CHR. LAITSOS & CO. LTD, *d/b/a*
FLEGGA

        Defendant.
------------------------------------------------

17cv2227

OPINION & ORDER

WILLIAM H. PAULEY III, United States District Judge:

      Plaintiff Victory Foodservice Distributors Corp. ("Victory") moves for a default judgment against N. Chr. Laitsos & Co. Ltd. ("Flegga"). For the reasons that follow, Victory's motion is granted in part and denied in part.

      This is a case about spoiled cheese. Victory, a New York-based food distribution company, placed an order for a variety of cheese and dairy products from Flegga, a dairy food producer based in Greece. Victory alleges Flegga shipped a "significant amount of defective perishable cheese food products" that were not "packed according to customary practice," which resulted in their spoliation and disposal. (Affirmation in Support of Motion for Default Judgement ("Shah Aff."), ECF No. 19–3, ¶ 10.) Based on Victory's "election of remedies" under the United Nations Convention on Contracts for the International Sale of Goods, Victory seeks $125,000 in damages. (Shah Aff. ¶ 10.)

      To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." In re Suprema Specialties, Inc., 330 B.R. 40, 54–55

(S.D.N.Y. 2005). If damages are not readily ascertainable, a court may conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." Suprema, 330 B.R. at 55. But a hearing is "not necessary when the district court relies upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record to calculate a damage award." House v. Kent Worldwide Mach. Works, Inc., 359 Fed. Appx. 206, 207 (2d Cir. 2010) (citing Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Victory seeks $125,000 in damages arising from Flegga's shipment of "defective perishable cheese food products," claiming that such amount represents the "value of [its] loss in addition to consequential, incidental, and reasonable damages." (Shah Aff. ¶ 10.) Victory, however, offers little support for how it calculated damages of $125,000, only ticking off a variety of costs it believes make up that figure: the value of unsold perishable cheese products; shipping, customs, and tariff charges; transportation and inspection costs; labor costs; and loss of future business, among other things. (Shah Aff. ¶ 11.)

Beyond painting a picture of damages in broad strokes, Victory offers only two documents to substantiate its request for $125,000. The first is a copy of a July 8, 2015 invoice setting forth the itemized charges for the spoiled cheese, but that amount—62,325.98 euros—comes out only to approximately $68,994.[1] And the freight and document transfer charges listed on a shipping invoice amount to $3,095. With only those two documents to substantiate Victory's request, Victory is entitled to $72,089 in out-of-pocket costs. This amount, however, does not factor in the other types of damages Victory says it is entitled to—consequential and expectation damages arising from Flegga's failure to properly store the cheese products.

---

[1] This amount was calculated based on the Euro to U.S. Dollar exchange conversion rate—1.107—as of July 8, 2015.

2

Finally, Victory's motion is predicated on an eleven paragraph affidavit submitted by its attorney in support of its request for a default judgment. While affidavits are a form of admissible evidence from which a court may calculate damages, they must contain a clear, detailed explanation as to why a movant is entitled to the requested damages amount. Here, counsel's affidavit rests on her <u>ipse dixit</u> assertions and offers nothing more to assist this Court in calculating the appropriate measure of damages. This Court "cannot simply rely on [Victory's or its attorney's] statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." <u>House</u>, 359 Fed. Appx. at 207.

Accordingly, this Court awards a default judgment of $72,089 plus post-judgment interest. If Victory can document consequential and expectation damages arising from Flegga's failure to properly store the cheese products, it may renew its motion for default judgment and provide documentation or a detailed affidavit from an authorized representative of Victory by no later than October 31, 2017.

## CONCLUSION

Victory is granted a default judgment in the amount of $72,089 with post-judgment interest to be applied at the statutory rate provided for under 28 U.S.C. § 1961. The balance of Victory's request for damages is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 15. Additionally, the Clerk of Court is directed to withhold entering judgment until November 1, 2017.

Dated: October 24, 2017
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

3