UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

VICTORY FOODSERVICE
DISTRIBUTORS CORP.,

        Plaintiff,

-against-

N. CHR. LAITSOS & CO. LTD, *d/b/a*
FLEGGA

        Defendant.

------------------------------

17cv2227

OPINION & ORDER

WILLIAM H. PAULEY III, United States District Judge:

        On October 24, 2017, this Court issued an Opinion and Order partially granting Victory Foodservice Distributors Corporation's ("Victory") motion for default judgment. In that Opinion and Order, Victory was afforded another opportunity to prove "consequential and expectation damages arising from [Defendant] Flegga's failure to properly store the cheese products" that Victory purchased from Flegga. (ECF No. 21, at 3.)

        On October 30, 2017, Victory submitted a supplemental attorney affidavit with two exhibits in support of its request for additional damages. The first exhibit is a copy of an invoice reflecting the various shipping, freight, custom, trucking, and courier costs associated with the shipment of cheese at issue in this action. Victory notes that one of the itemized charges, categorized as an "Air/Ocean Freight Charge" in the amount of $3,095.00, had "already been accounted for" in this Court's previous Order. (Supplemental Affirmation in Support of Motion for Default Judgment ("Supplemental Aff."), ECF No. 22, at ¶ 3.) The remainder of the charges relate to the specific shipment of defective cheese that Victory could not sell.

Accordingly, $8,011.48 (the total invoice amount less the Air/Ocean Freight Charge) is granted as additional damages related to Flegga's failure to deliver fresh cheese.

The second exhibit appears to be a communication between Victory's counsel and a lawyer in Greece—where Flegga is headquartered—detailing the estimated costs of enforcing a default judgment in a Greek court of law against Flegga. Victory characterizes these costs as "consequential, incidental, and reasonable damages, which may be awarded pursuant to the [United Nations Convention on Contracts for the International Sale of Goods ("CISG")]." (Supplemental Aff. ¶ 4.) While such costs are estimated at a range between $15,000 to $25,000, Victory seeks a middle ground, requesting $20,000 "for the enforcement of this judgment in Greece." (Supplemental Aff. ¶ 5 and Ex. B.) The costs largely represent attorneys' fees in connection with petitioning a court in Greece to recognize and enforce the default judgment.

Although Victory does not cite to any specific provisions in the CISG pertaining to attorney's fees expended in connection with enforcing a default judgment, other courts have analyzed the issue as one encompassed by Article 74 of the CISG. That provision states, in relevant part, that "[d]amages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach." Whether the term "loss" encompasses attorney's fees is an issue that has not been widely discussed. See Pupille v. Nickolas Imports, LLC, 2013 WL 2152633, at *1 (E.D. Va. May 15, 2013) ("The court has found minimal case law regarding entitlement to attorneys' fees under CISG."). Further, there is an added layer of complexity to this request because Victory seeks prospective, estimated fees arising from the enforcement of a default judgment in Greece, not the attorneys' fees expended in connection with this action.

Nevertheless, the scant authority on this issue holds that attorneys' fees are not a recoverable "loss" under CISG Article 74. Zapata Hermanos Sucesores S.A. v. Hearthside Banking Co., 313 F.3d 385, 389 (7th Cir. 2002). Absent any statutory authority from which attorneys' fees may be requested, courts have held that "attorneys' fees are an issue outside the substantive law of contracts governed by the CISG. Instead, they are left open to domestic law and the rules governing choice of law in international disputes." Granjas Aquanova S.A. de C.V. v. House Mfg. Co. Inc., 2010 WL 4809342, at *1 (E.D. Ark. Nov. 19, 2010); San Lucio, S.r.l. v. Import & Storage Servs., LLC, 2009 WL 1010981, at *3 (D.N.J. Apr. 15, 2009); Zapata, 313 F.3d at 388. "In the United States, that means attorneys' fees are governed by the law of the forum state," which in this case is New York. Granjas Aquanova, 2010 WL 4809342, at *2.

Under New York law, "it is well settled that absent a statute or contractual provision, attorneys' fees and the legal expenses necessarily incurred in carrying on a lawsuit are not generally considered items of expense recoverable as general or special damages." Amusement Indus., Inc. v. Stern, 786 F. Supp. 2d 742, 756 (S.D.N.Y. 2011) (internal citations omitted). The exception to this rule, however, is that where "through the wrongful act of [its] present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect [its] interest, [it] is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred." Amusement Indus., 786 F. Supp. 2d at 756 (collecting cases). This exception is not applicable here—the claims over which Victory obtained a default judgment do not pertain to an earlier litigation against a third party that arose from Flegga's wrongful actions. And although the attorneys' fees incurred in obtaining the default judgment are not the subject of Victory's latest motion, Victory seeks an advance on prospective attorneys' fees likely to be incurred to enforce the default judgment. The

3

request is remote and falls outside the narrow exception to the rule that each party must bear its own costs. Accordingly, this portion of Victory's request is denied.

## CONCLUSION

For the foregoing reasons, Victory's motion for additional damages in connection with its default judgment is granted in part and denied in part. The Clerk of Court is directed to issue an Amended Final Judgment in the amount of $80,100.48 plus post-judgment interest at the statutory rate provided for under 28 U.S.C. § 1961 forthwith.

Dated: November 13, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.